IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REBECCA RATZ DORSEY and :
CAREY RATZ :
:
v. : CIVIL NO. CCB-12-1564
:
DAWN RATZ :

...o0o...

**MEMORANDUM**

William Ratz was found on March 23, 2012, in his residence, deceased as a result of acute alcohol intoxication. On August 25, 2010, he had designated his daughters Rebecca Ratz Dorsey and Carey Ratz as co-beneficiaries of a $500,000 life insurance policy issued to him by Reassure America Life Insurance Company. On October 7, 2011, however, he executed and sent to Reassure a change of beneficiary form designating his second wife, Dawn Ratz, to whom he had been married for 30 years but from whom he was recently divorced, as the sole beneficiary. His daughters, Rebecca Ratz Dorsey and Carey Ratz, challenge Dawn Ratz's right to receive the proceeds. After discovery, Dawn Ratz has filed a motion for summary judgment. It will be granted, for the reasons stated below.

The daughters' asserted reasons for challenging the change of beneficiary form include undue influence, lack of mental capacity, and their belief, initially, that William Ratz's signature on the change of beneficiary form was a forgery. Following discovery, they do not press the allegation of forgery. Further, they offer no admissible evidence and no expert testimony to support their claims of undue influence or lack of mental capacity.

It does appear from the records that William Ratz suffered from alcoholism, and that he likely relapsed following the divorce. The divorce decree directed sale of the marital home, awarded a money judgment in favor of Dawn Ratz, and ordered the payment of alimony. (Pls.'

1

Resp., ECF. No. 33, Ex. 3.) A report by Dr. Taiwo Okusami of the Finan Center in Cumberland, Maryland, however, following William Ratz's discharge from that facility in July 2011 with a diagnosis of major depressive disorder and alcohol dependence, does not suggest incompetence. Indeed, Dr. Okusami described Ratz's thought process as "linear, logical, and goal directed." (*Id.*, Ex. 5.) Dr. Okusami characterized Ratz's memory as "[i]ntact," stating that "[h]e was able to recall three out of three objects," and "was clearly showing no impairment from a psychiatric illness." (*Id.*) Ratz's insight was "good," and his judgment was "fair." (*Id.*) Further, "[h]is speech was clear and coherent." Dr. Okusami also stated that Ratz "articulates very well as expected for his level of education as a trained physician assistant," and that, "[c]ognitively, he was functioning within his education level." (*Id.*) There is simply nothing in the record to suggest that William Ratz's mental capacity had changed by October 14, 2011, when he executed the change of beneficiary form. The "life experience and common sense" proffered by counsel in the plaintiffs' response, and the affidavit of Rebecca Dorsey explaining her "belief" that her father was unduly influenced by Dawn Ratz when she faxed the change of beneficiary form to her ex-husband while he was in a rehabilitation center, are insufficient to overcome the presumption of sanity and capacity under Maryland law. *See Lynn v. Magness*, 191 Md. 674, 680-81, 62 A.2d 604 (1948). Accordingly, the court will not set aside William Ratz's choice of his ex-wife Dawn Ratz as the beneficiary of his life insurance policy with Reassure, and the motion for summary judgment will be granted.

      A separate Order follows.

April 29, 2013                                                           /s/
Date                                                                           Catherine C. Blake
                                                                              United States District Judge