IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REBECCA RATZ DORSEY and
CAREY RATZ

v.       Civil No. CCB-12-1564

DAWN RATZ

## MEMORANDUM

On March 23, 2012, William Ratz was found in his residence, deceased as a result of acute alcohol intoxication. William Ratz had designated his ex-wife, Dawn Ratz, as the sole beneficiary of a $500,000 life insurance policy issued by Reassure America Life Insurance Company. His daughters, Rebecca Ratz Dorsey and Carey Ratz, challenged Dawn Ratz's right to receive the proceeds, claiming undue influence, lack of mental capacity, and forgery. On April 29, 2013, following discovery, the court granted Dawn Ratz's motion for summary judgment. Now pending before the court is Dawn Ratz's motion for attorney's fees.

As a preliminary matter, the court notes that it has diversity jurisdiction over the present action. In a diversity action, except where state law "run[s] counter to a valid federal statute or rule of court," the federal court generally applies state law to decide whether to grant attorney's fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975) (citation and internal quotation marks omitted). Here, the parties do not claim that Maryland law on attorney's fees conflicts with any federal rule or statute. Thus, Maryland law, and not federal law, governs the current dispute over attorney's fees.

Dawn Ratz puts forth two arguments for why she may recover attorney's fees, but both arguments must fail. First, she claims that attorney's fees are recoverable under the doctrine of

1

"special circumstances." In *Collier v. MD-Individual Practice Association, Inc.*, the Maryland Court of Appeals explained that attorney's fees are generally not recoverable; however, they may be awarded "where the wrongful acts of the defendant ha[ve] involved the plaintiff in [collateral] litigation with others, or placed him in such relations with others as make it necessary to incur expenses to protect his interest." 327 Md. 1, 11, 607 A.2d 537, 542 (1992) (citation and internal quotation marks omitted); *see also St. Luke Evangelical Lutheran Church, Inc. v. Smith*, 318 Md. 337, 353–54, 568 A.2d 35, 43 (1990) (holding a jury may consider attorney's fees in awarding punitive damages). In this case, discovery did not ultimately support Rebecca Ratz Dorsey's and Carey Ratz's claims of undue influence, lack of capacity, and forgery, but that does not mean they acted wrongfully in attempting to obtain the insurance proceeds. Simply because discovery does not produce evidence to support a case going forward does not mean a party acted wrongfully in bringing the lawsuit. Indeed, when the court first reviewed Rebecca Ratz Dorsey's and Carey Ratz's claims, the court concluded that there was a plausible basis for their contentions. (*See* Order, ECF No. 28.) Having determined there was a plausible basis for their claims, the court will not now declare that Rebecca Ratz Dorsey and Carey Ratz acted improperly in seeking relief.

Second, Dawn Ratz argues that attorney's fees are recoverable because the present action was "without substantial justification." Pursuant to Maryland Rule 1-341, a party in a civil action may be required to pay the opponent's reasonable attorney fees, if the court determines the party's conduct in maintaining the proceeding was "without substantial justification." Rule 1-341 is not meant to punish "legitimate advocacy;" rather relief under Rule 1-341 has been granted when a party's conduct "amounts to an abuse of the judicial process." *See U.S. Health, Inc. v. State*, 87 Md. App. 116, 128, 589 A.2d 485, 491 (1991). As explained above, Rebecca

Ratz Dorsey and Carey Ratz did not act improperly in maintaining the current proceeding. The court therefore cannot conclude that their conduct abused the judicial process.

The court will deny Dawn Ratz's motion for attorney's fees. A separate order follows.

October 10, 2013                                                    /s/
Date                                                                   Catherine C. Blake
                                                                            United States District Judge